Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Low Tech Toy Club, LLC d/b/a The Woobles*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOW TECH TOY CLUB, LLC d/b/a THE WOOBLES,<br><br>*Plaintiff*<br><br>v.<br><br>1688 3C ELECTRONICS DIRECT STORE, 3 SEE ZONE STORE, 999 ODERS ELECTRONICS STORE, ABCDIYEA STORE, BLUE GROTTO STORE, CONVENIENT DEPARTMENT STORE STORE, HOME FURNISHING SHOP STORE, HOMEDECOR STORE, HOMEY HOMEY STORE, HOSPORT CLUB STORE, INDEPENDENT-DESIGN STORE, NEW TRENDY CLOTHES CO.,LTD. STORE, NINGBO SHINEGIFTS IMPORT & EXPORT CO., LTD., OFFICE DIGITAL STORE, PINKY HOUSE, PRETTYOK STORE, PROFESSIONAL SPORTING STORE, SHANGHAI YONGJIU TEXTILE TECHNOLOGY CO., LTD., SHENZHEN JIUMAI E-COMMERCE CO., LTD., SHOP1102928665 STORE, SHOP1102978789 STORE, SHOP1103287323 STORE, SHOP1103295299 STORE, SHOP1103299290 STORE, SHOP1103333011 STORE, SHOP1103349094 STORE, SHOP1103349099 STORE, SHOP1103357069 STORE, SHOP1103358063 STORE, | 25-cv-4257 (VSB)<br><br>**PRELIMINARY INJUNCTION ORDER** |

SHOP1103391407 STORE, SHOP1103391478 STORE, SHOP1103393406 STORE, SHOP1103411029 STORE, SHOP1103413022 STORE, SHOP1103774241 STORE, SHOP1103842411 STORE, SHOP1103875903 STORE, SHOP1103996318 STORE, SHOP1104002584 STORE, SHOP1104026321 STORE, SHOP1104098123 STORE, SHOP1104106565 STORE, SHOP1104194743 STORE, SHOP1104273961 STORE, SHOP1104301514 STORE, SHOP1104336521 STORE, SHOP1104405394 STORE, SHUNMAII CAMPING SPECIALTY STORE, SSS-DIGITAL STORE, SSWEET1128 STORE, SU CHENG ZI STORE, SWQ STORE, TAIZHOU QILIN AUTO PARTS CO., LTD., THE-FUN-TOY STORE, TOP AUTO TECH MALL, TWINKLE-FASHION STORE, WINHOLDER-TOP-RATED STORE, XINYI HONGYUAN (TIANJIN) TECHNOLOGY DEVELOPMENT CO., LTD., YOUME LIFE STORE, YUYAO DN SCIENTIFIC & EDUCATIONAL INSTRUMENT CO., LTD. and ZHENGZHOU JING YUAN INTERNATIONAL TRADE CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or The Woobles** | Low Tech Toy Club, LLC d/b/a The Woobles |
| **Defendants** | 1688 3C Electronics Direct Store, 3 See Zone Store, 999 Oders Electronics Store, abcDIYea Store, Blue Grotto Store, Convenient Department Store Store, Home Furnishing Shop Store, Homedecor Store, Homey Homey Store, Hosport Club Store, Independent-Design Store, New Trendy Clothes Co.,Ltd. Store, Ningbo Shinegifts Import & Export Co., Ltd., Office Digital Store, Pinky House, Prettyok Store, Professional Sporting Store, Shanghai Yongjiu Textile Technology Co., Ltd., Shenzhen Jiumai E-Commerce Co., Ltd., Shop1102928665 Store, Shop1102978789 Store, Shop1103287323 Store, Shop1103295299 Store, Shop1103299290 Store, Shop1103333011 Store, Shop1103349094 Store, Shop1103349099 Store, Shop1103357069 Store, Shop1103358063 Store, Shop1103391407 Store, Shop1103391478 Store, Shop1103393406 Store, Shop1103411029 Store, Shop1103413022 Store, Shop1103774241 Store, Shop1103842411 Store, Shop1103875903 Store, Shop1103996318 Store, Shop1104002584 Store, Shop1104026321 Store, Shop1104098123 Store, Shop1104106565 Store, Shop1104194743 Store, Shop1104273961 Store, Shop1104301514 Store, Shop1104336521 Store, Shop1104405394 Store, Shunmaii Camping Specialty Store, SSS-Digital Store, SSweet1128 Store, SU CHENG ZI Store, SWQ Store, Taizhou Qilin Auto Parts Co., Ltd., The-Fun-Toy Store, Top Auto Tech Mall, Twinkle-fashion store, WinHolder-Top-Rated Store, Xinyi Hongyuan (tianjin) Technology Development Co., Ltd., YOUME LIFE Store, Yuyao DN Scientific & Educational Instrument Co., Ltd. and Zhengzhou Jing Yuan International Trade Co., Ltd. |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing |

| | |
|---|---|
| | in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Zhang Dec.** | Declaration of Xinli Zhang in Support of Plaintiff's Application |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiff's Application |
| **Woobles Marks** | U.S. Trademark Registration Nos.: 6,265,698 for *the Woobles* for a variety of goods in Class 26 and 7,575,531, covering "THE WOOBLES" for goods in Class 26 |
| **Woobles Work** | U.S. Copyright Registration No.: VA 2-357-202 covering Pierre the Penguin |
| **Woobles Products** | Consumer products that allow users to create a litany of cute characters with each kit containing a pouch that once opened, contains yarn, a crochet needle, and other materials, along with a card with a link and/or QR code to Plaintiff's website that provides a video tutorial of how to make the specific character purchased |
| **Counterfeit Products** | Products bearing or used in connection with the Woobles Marks and/or Woobles Work, and/or products in packaging and/or containing labels and/or hang tags bearing the Woobles Marks and/or Woobles Work, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to |

|  | the Woobles Mark and/or Woobles Work and/or products that are identical or confusingly or substantially similar to the Woobles Products |
|---|---|
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiff having moved *ex parte* on May 21, 2025 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on June 3, 2025, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on June 13, 2025 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on June 9, 2025, Plaintiff wrote a letter to the Court requesting modification and extension of the TRO, and on the same day, June 9, 2025, the Court granted Plaintiff's request, which, inter alia, adjourned the Show Cause Hearing to July 9, 2025 at 2:00 p.m. ("June 9, 2025 Order");

WHEREAS, on June 27, 2025 pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the June 9, 2025 Order on each and every Defendant;

WHEREAS, on July 9, 2025 at 2:00 p.m. ("July 9, 2025 Hearing"), Plaintiff appeared at the Show Cause Hearing, however, none of the Defendants appeared.

WHEREAS, on the July 9, 2025 Hearing, Plaintiff's counsel notified the Court that they heard from two of the Defendants—Defendant Shanghai Yongjiu Textile Technology Co., Ltd. and Defendant Zhengzhou Jing Yuan International Trade Co., Ltd.—since the Court entered the TRO. Neither of those Defendants appeared at the July 9, 2025 Hearing.

WHEREAS, on the July 9, 2025 Hearing, Plaintiff's counsel notified the Court that Defendant Shanghai Yongjiu Textile Technology Co., Ltd. indicated to Plaintiff's counsel that it

had filed an opposition to the TRO. However, neither Plaintiff's counsel nor the Court received any opposition to the TRO.

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A. Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims at trial.

B. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

1. Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Woobles Marks and/or Woobles Work; and

2. Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Woobles Products.

C. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Woobles Marks and/or Woobles Work and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

D. Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its Woobles Marks and/or Woobles Work, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Woobles Products.

**ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs vii-ix below, which shall apply worldwide) pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Woobles Marks and/or Woobles Work and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Woobles Marks and/or Woobles Work;

    ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

    iii. directly or indirectly infringing in any manner Plaintiff's Woobles Marks and/or Woobles Work;

    iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Woobles Marks and/or Woobles Work to identify any goods or services not authorized by Plaintiff;

    v. using Plaintiff's Woobles Marks and/or Woobles Work and/or any other marks

    that are confusingly similar and/or substantially similar to the Woobles Marks and/or Woobles Work, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront

      or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

    ix. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants'

              User Accounts and Merchant Storefronts in violation of this Order; and

        ii.  instructing, aiding, or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of service of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days

of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts and/or Defendants' Assets, including, but not limited to, documents and records relating to:

   i. account numbers;

   ii. current account balances;

   iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v. any and all deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and

        Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Woobles Marks and/or Woobles Work and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Woobles Marks and/or Woobles Work.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed

9

by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to us_ipr_tro_requests@alipay.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

d) delivery of:(i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Jaclyn Henning at thirdpartyrequests@payoneer.com; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

11. Plaintiff is ordered to serve a copy of this Order on Defendants, including to the various email addresses associated with Defendants.

12. The parties are ordered to file a status report of this case on or before September 8, 2025.

**SO ORDERED.**

Dated:  July 10, 2025
        New York, New York

*[signature]*

Vernon S. Broderick
United States District Judge