Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Low Tech Toy Club, LLC d/b/a The Woobles*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOW TECH TOY CLUB, LLC d/b/a THE WOOBLES,<br><br>*Plaintiff*<br><br>v.<br><br>1688 3C ELECTRONICS DIRECT STORE, 3 SEE ZONE STORE, 999 ODERS ELECTRONICS STORE, ABCDIYEA STORE, BLUE GROTTO STORE, CONVENIENT DEPARTMENT STORE STORE, HOME FURNISHING SHOP STORE, HOMEDECOR STORE, HOMEY HOMEY STORE, HOSPORT CLUB STORE, INDEPENDENT-DESIGN STORE, NEW TRENDY CLOTHES CO.,LTD. STORE, NINGBO SHINEGIFTS IMPORT & EXPORT CO., LTD., OFFICE DIGITAL STORE, PINKY HOUSE, PRETTYOK STORE, PROFESSIONAL SPORTING STORE, SHANGHAI YONGJIU TEXTILE TECHNOLOGY CO., LTD., SHENZHEN JIUMAI E-COMMERCE CO., LTD., SHOP1102928665 STORE, SHOP1102978789 STORE, SHOP1103287323 STORE, | **Civil Case No.: 25-cv-4257 (VSB)**<br><br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING DEFENDANTS' MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

SHOP1103295299 STORE, SHOP1103299290 STORE, SHOP1103333011 STORE, SHOP1103349094 STORE, SHOP1103349099 STORE, SHOP1103357069 STORE, SHOP1103358063 STORE, SHOP1103391407 STORE, SHOP1103391478 STORE, SHOP1103393406 STORE, SHOP1103411029 STORE, SHOP1103413022 STORE, SHOP1103774241 STORE, SHOP1103842411 STORE, SHOP1103875903 STORE, SHOP1103996318 STORE, SHOP1104002584 STORE, SHOP1104026321 STORE, SHOP1104098123 STORE, SHOP1104106565 STORE, SHOP1104194743 STORE, SHOP1104273961 STORE, SHOP1104301514 STORE, SHOP1104336521 STORE, SHOP1104405394 STORE, SHUNMAII CAMPING SPECIALTY STORE, SSS-DIGITAL STORE, SSWEET1128 STORE, SU CHENG ZI STORE, SWQ STORE, TAIZHOU QILIN AUTO PARTS CO., LTD., THE-FUN-TOY STORE, TOP AUTO TECH MALL, TWINKLE-FASHION STORE, WINHOLDER-TOP-RATED STORE, XINYI HONGYUAN (TIANJIN) TECHNOLOGY DEVELOPMENT CO., LTD., YOUME LIFE STORE, YUYAO DN SCIENTIFIC & EDUCATIONAL INSTRUMENT CO., LTD. and ZHENGZHOU JING YUAN INTERNATIONAL TRADE CO., LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or The Woobles** | Low Tech Toy Club, LLC d/b/a The Woobles |
| **Defendants** | 1688 3C Electronics Direct Store, 3 See Zone Store, 999 Oders Electronics Store, abcDIYea Store, Blue Grotto Store, Convenient Department Store Store, Home Furnishing Shop Store, Homedecor Store, Homey Homey Store, Hosport Club Store, Independent-Design Store, New Trendy Clothes Co.,Ltd. Store, Ningbo Shinegifts Import & Export Co., Ltd., Office Digital Store, Pinky House, Prettyok Store, Professional Sporting Store, Shanghai Yongjiu Textile Technology Co., Ltd., Shenzhen Jiumai E-Commerce Co., Ltd., Shop1102928665 Store, Shop1102978789 Store, Shop1103287323 Store, Shop1103295299 Store, Shop1103299290 Store, Shop1103333011 Store, Shop1103349094 Store, Shop1103349099 Store, Shop1103357069 Store, Shop1103358063 Store, Shop1103391407 Store, Shop1103391478 Store, Shop1103393406 Store, Shop1103411029 Store, Shop1103413022 Store, Shop1103774241 Store, Shop1103842411 Store, Shop1103875903 Store, Shop1103996318 Store, Shop1104002584 Store, Shop1104026321 Store, Shop1104098123 Store, Shop1104106565 Store, Shop1104194743 Store, Shop1104273961 Store, Shop1104301514 Store, Shop1104336521 Store, Shop1104405394 Store, Shunmaii Camping Specialty Store, SSS-Digital Store, SSweet1128 Store, SU CHENG ZI Store, SWQ Store, Taizhou Qilin Auto Parts Co., Ltd., The-Fun-Toy Store, Top Auto Tech Mall, Twinkle-fashion store, WinHolder-Top-Rated Store, Xinyi Hongyuan (tianjin) Technology Development Co., Ltd., YOUME LIFE Store, Yuyao DN Scientific & Educational Instrument Co., Ltd. and Zhengzhou Jing Yuan International Trade Co., Ltd. |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing |

| | in the U.S., including New York |
|---|---|
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Zhang Dec.** | Declaration of Xinli Zhang in Support of Plaintiff's Application |
| **Levine Dec.** | Declaration of Melissa J. Levine in Support of Plaintiff's Application |
| **Woobles Marks** | U.S. Trademark Registration Nos.: 6,265,698 for *the* **Woobles** for a variety of goods in Class 26 and 7,575,531, covering "THE WOOBLES" for goods in Class 26 |
| **Woobles Work** | U.S. Copyright Registration No.: VA 2-357-202 covering Pierre the Penguin |
| **Woobles Products** | Consumer products that allow users to create a litany of cute characters with each kit containing a pouch that once opened, contains yarn, a crochet needle, and other materials, along with a card with a link and/or QR code to Plaintiff's website that provides a video tutorial of how to make the specific character purchased |
| **Counterfeit Products** | Products bearing or used in connection with the Woobles Marks and/or Woobles Work, and/or products in packaging and/or containing labels and/or hang tags bearing the Woobles Marks and/or Woobles Work, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to |

| | |
|---|---|
| | the Woobles Mark and/or Woobles Work and/or products that are identical or confusingly or substantially similar to the Woobles Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

3

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached to the Complaint as **Exhibit A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings. Having reviewed the Application, Declarations of Xinli Zhang and Melissa J. Levine, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Plaintiff is a manufacturing company that creates and distributes learn to crochet kits, and related products, mainly geared towards beginners.

2.      The Woobles Products allow users to create a litany of cute characters, and each kit contains a pouch packaging that once opened, contains yarn, a crochet needle, and other materials, along with a card with a link and/or QR code to Plaintiff's website that provides a video tutorial of how to make the specific character purchased.

3.      Plaintiff primarily sells its Woobles Products, which are available in standalone kits (ranging in price typically from $25.00 - $40.00), as well as bundles, directly through its website, available at https://thewoobles.com, along with third-party retail stores in the United States, Canada, and Australia.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

4.      Since the official launch of the Woobles Products in or about 2020, the Woobles Products have generated millions of dollars in sales.

5.      In September 2022, Plaintiff took the brand to the next level by appearing on *Shark Tank* with the Woobles Products and attracting the interest of numerous investors thereon.

6.      While Plaintiff has gained significant common law trademark and other rights in its trademarks through its extensive use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining a federal trademark registration.

7.      For example, Plaintiff has filed for and obtained federal trademark registrations including U.S. Trademark Registration Nos.: 6,265,698, covering *the Woobles* for goods in Class 26 ("Knitting kits comprised primarily of knitting needles and also including yarn, printed knitting patterns, and other tools and accessories for knitting in the nature of stitch markers, safety eyes, stuffing, and tapestry needles") and 7,575,531, covering "THE WOOBLES" for goods in Class 26 ("Knitting kits comprised primarily of knitting needles and also including yarn, printed knitting patterns, and other tools and accessories for knitting in the nature of stitch markers, safety eyes, stuffing, and tapestry needles").

8.      The Woobles Marks are currently in use in commerce in connection with the Woobles Products.

9.      In addition, Plaintiff is the owner of U.S. Copyright Registration No. VA 2-357-202, covering Pierre the Penguin (the "Woobles Work").

10.     Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, and/or offering for sale Counterfeit Products through Defendants' User Accounts and Merchant Storefronts with Alibaba and/or AliExpress (see

Schedule A for links to Defendants' Merchant Storefronts and Infringing Listings).

11.     Defendants are not, nor have they ever been, authorized distributors or licensees of the Woobles Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Woobles Marks and/or the Woobles Work, nor has Plaintiff consented to Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Woobles Marks and/or Woobles Work.

12.     Plaintiff is likely to prevail on its Lanham Act, Copyright Act and related common law claims at trial.

13.     As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a.  Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the Woobles Marks and/or Woobles Work;

b.  Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Woobles Products; and

c.  Plaintiff has well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Woobles Marks and/or Woobles Work, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or

under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Woobles Marks and/or Woobles Work, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secrete, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Woobles Marks and/or Woobles Work and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefronts under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence.

14.    The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Woobles Marks and/or Woobles Work and to its reputations if a temporary restraining order is not issued.

15.    Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Woobles Marks and/or Woobles Work, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Woobles Products.

16.    Plaintiff has not publicized its request for a temporary restraining order in any way.

17.    I will grant Plaintiff's request to effectuate service on Defendants by the electronic means outlined in **Paragraph IV(A)** for the reasons set forth below:

a. Federal Rule of Civil Procedure 4(f) permits service on a defendant in a foreign country by:  (1) "internationally agreed means of service that is reasonably calculated to give notice," including the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 1969 WL 97765 [hereinafter Hague Convention]; (2) if no international agreement applies, "by a method that is reasonably calculated to give notice"; or (3) "by other means not prohibited by international agreement, as the court orders."

b. Courts in this District have developed rules governing similar cases filed by Plaintiff's law firm, that is, intellectual-property infringement cases against a number of merchant-storefront defendants operating in China or another foreign country that is a signatory to the Hague Convention.  First, the Hague Convention applies only if a defendant's address is "known," and alternative service may be available if a defendants' address is not "known."  *Safavieh Intl, LLC v. Chengdu Junsen Fengrui Tech. Co., Ltd.*, No. 23-CV-3960, 2023 WL 3977505, at *5–6 (S.D.N.Y. June 13, 2023).  Second, if the Hague Convention does apply (because one or more defendants' addresses is known), alternative service may still be available if a plaintiff demonstrates there is "urgency" to its request for alternative service.  Hague Convention art. 15; *see, e.g.*, *ABC v. DEF*, No. 24-CV-8341, 2024 WL 5168624, at *2 (S.D.N.Y. Dec. 13, 2024) ("Counsel has also shown that the exigencies of this case, including the urgent need to address ongoing counterfeiting activity, justify alternative service by email."); *Intersell Ventures, LLC v. 1688 Factory Direct Store Store*, No. 25-

CV-408, 2025 WL 485715, at *6 (S.D.N.Y. Feb. 11, 2025) (citing *ABC*, 2024 WL 5168624, at *2).

c.  Here, Plaintiff has diligently attempted to verify the addresses of each Defendant by "compil[ing] a list of Defendants' addresses as displayed on Defendants' Merchant Storefronts," investigating each address on three Chinese search engines, then mailing test documents to each potentially accurate address. (Mem. 23; *see* Levine Decl. ¶¶ 32–38.)[2]  The results of the investigation were that, of the 61 Defendants to this action:  (A) 7 Defendants, (*see* Levine Decl. ¶ 39 n.20), had potentially valid street addresses but no identifiable phone number, so the Chinese postal system would not accept a mailing (the "No Test Mailing" Defendants); (B) 15 Defendants, (*id.* ¶ 39 n.21), had apparently accurate addresses and phone numbers, but test mailings were unsuccessful (the "Unsuccessful Test Mailing" Defendants); and (C) the remaining 39 Defendants, (id. ¶ 39 n.22), received successful test mailings (the "Successful Test Mailing" Defendants).

d.  For the No Test Mailing Defendants and the Unsuccessful Test Mailing Defendants, Plaintiff's "extensive investigation" has demonstrated that these Defendants' addresses are not "known" such that the Hague Convention does not apply.  *Pinkfong Co., Inc. v. Avensy Store*, No. 23-CV-09238, 2023 WL 8531602, at *2 (S.D.N.Y. Nov. 30, 2023).

e.  Although the Hague Convention does apply to the Successful Test Mailing Defendants because their addresses are known, I find that Plaintiff has

---

[2] "Mem." refers to Plaintiff's Memorandum of Law in Support of its Application for a Temporary Restraining Order dated May 21, 2025.  "Levine Decl." refers to the Declaration of Melissa J. Levine dated May 21, 2025.

nonetheless demonstrated the requisite "urgency" to succeed on its request for alternative service. Hague Convention art. 15. Plaintiff's counsel represents that, based on its inquiries and experience, service in China using the Hague Convention takes longer than 6 months, and is often unsuccessful even with full addresses because defendants have moved out of the address or refuse to accept service there. (*See* Levine Decl. ¶¶ 41–45.) Further, parties similar to Defendants "often use evasive tactics like aliases, false addresses and other incomplete identification information to conceal their identities and avoid detection," Defendants' purported infringement is currently ongoing, and by the time Plaintiff learns of the results of service using the Hague Convention, "it is highly likely that [Defendants] will transfer, conceal and/or destroy . . . evidence relating to their infringing activities" as well as the ill-gotten gains of their purported infringing activity. (Mem. 1–2.) Courts frequently permit alternative service in these circumstances. *See, e.g.*, *ABC*, 2024 WL 5168624, at *2; *Intersell*, 2025 WL 485715, at *6.

    f.   In sum, I find that alternative service is proper under Rule 4(f) and Article 15 of the Hague Convention, and find that the electronic means outlined in **Paragraph IV(A)** are reasonably calculated to give notice to Defendants.

18.    If Defendants are given notice of the Application, they are likely to secrete, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Woobles Marks and/or Woobles Work. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and

freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

19.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## <u>ORDER</u>

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

## I.    <u>Temporary Restraining Order</u>

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs 7-9 below, which shall apply worldwide) for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Woobles Marks and/or Woobles Work and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and

constitute a counterfeiting or infringement of the Woobles Marks and/or Woobles Work;

2) operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

3) directly or indirectly infringing in any manner Plaintiff's Woobles Marks and/or Woobles Work;

4) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Woobles Marks and/or Woobles Work to identify any goods or service not authorized by Plaintiff;

5) using Plaintiff's Woobles Marks and/or Woobles Work and/or any other marks and/or artwork that are confusingly similar and/or substantially similar to the Woobles Marks and/or Woobles Work on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

6) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

12

7)      secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

8)      effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

9)      knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8) above and I(B)(1) and I(C)(1) below.

B.   IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of this Court:

1)      secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that immediately upon receipt
    of service of this Order, Defendants and all persons in active concert and participation with
    them who receive actual notice of this Order, including the Third Party Service Providers who
    satisfy those requirements, are restrained and enjoined from engaging in any of the following
    acts or omissions for fourteen (14) days from the date of this order, and for such further period
    as may be provided by order of this Court:

    1)      operation of Defendants' User Accounts and Defendants' Merchant Storefronts,
            including, without limitation, continued operation of Defendants' User Accounts and
            Merchant Storefronts in violation of this Order; and

    2)      instructing, aiding, or abetting Defendants and/or any other person or business entity
            in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(8),
            I(B)(1) and I(C)(1) above, including, without limitation, by providing services
            necessary for Defendants to continue operating Defendants' User Accounts and
            Merchant Storefronts in violation of this Order.

**II.    Order to Show Cause Why A Preliminary Injunction
Should Not Issue And Order Of Notice**

A.  Defendants are hereby ORDERED to show cause before this Court in a telephonic hearing on
    **June 13, 2025 at 11:00am** for why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a),
    should not issue.  The dial-in number is **1-855-244-8681** and the access code is **2309 3085 835**.
    There is no attendee ID.

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed under seal with the
    Court, emailed to this Court at BroderickNYSDChambers@nysd.uscourts.gov, and served on
    Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East
    42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before **June 10,**

**2025**. Plaintiff shall file any Reply papers on or before **5:00pm Eastern time on June 12, 2025**.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.    Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and/or Defendants' Assets and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.    Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and by website publication using a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-

mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C).**

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order by electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2)  delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order by electronic mail to us_ipr_tro_requests@alipay.com;

3)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order by electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

4)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order by electronic mail to thirdpartyrequests@payoneer.com; and

5)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order by electronic mail to trorequest@pingpongx.com.

**V.      Order Authorizing Expedited Discovery**

A.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)      Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

     a.   their true name and physical address;

     b.   the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

     c.   the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

     d.   the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

     e.   the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2)      Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern

17

and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3)    Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions served with this Order shall identify any and all of Defendants' Financial Accounts and/or Defendants' Assets, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and/or Defendants' Assets and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

18

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)    Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts and/or Defendants' Assets, including, but not limited to, documents and records relating to:

a.   account numbers;

b.   current account balances;

c.   any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

d.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

e.   any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.   any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)    Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

   b.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

   c.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

   d.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit

Products, or any other products bearing the Woobles Marks and/or Woobles Work and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Woobles Marks and/or Woobles Work.

## VI.    Security Bond

A.  IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of **five-thousand Dollars ($5,000)** with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

## VII.    Sealing Order

A.  IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and Plaintiff's *ex parte* Application and the Declarations of Xinli Zhang and Melissa J. Levine in support thereof and exhibits attached thereto, and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C), III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this 3rd day of June, 2025, at 11:50am.

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE