United States District Court
Southern District of New York

Case No. 25-cv-4257 (VSB)

LOW TECH TOY CLUB, LLC,
    Plaintiff,
v.

Shanghai Yongjiu Textile Technology Co., Ltd.
    Serena (Pro Se)Sole Proprietor of Shanghai Yongjiu Textile Technology Co., Ltd.

**Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction**
Defendant, a sole proprietor based in the People's Republic of China, respectfully submits this Pro Se opposition to Plaintiff's motion for preliminary injunction. As an individual unfamiliar with U.S. legal proceedings, Defendant asks the Court to consider the following arguments with fairness and understanding.

## I. No Irreparable Harm

**Product was permanently removed from all platforms on June 9, 2025**
    Immediately upon receiving Plaintiff's notice of alleged infringement, Defendant took prompt action to delist the crochet doll from all storefronts. (See Exhibit A: screenshots and platform records confirming removal.)

**Zero sales and zero page traffic**
    During the brief testing period, the product generated no sales or page views whatsoever. (See Exhibit B: complete email correspondence with Plaintiff's counsel.)

**Legal Basis**
    Under Federal Rule of Civil Procedure 65(b), a preliminary injunction requires proof of irreparable harm—meaning harm that cannot be compensated by money.
    In this case, no commercial transaction or promotion occurred, and Plaintiff suffered no quantifiable harm. The alleged injury is purely speculative and can be addressed through monetary remedies if necessary.

## II. Equitable Defenses Preclude Injunctive Relief

**Defense of Innocent Infringement Applies**
    - Legal Basis: The Lanham Act § 35 (15 U.S.C. § 1117(b)) provides:
      "In cases of use by a person in good faith and without knowledge of the infringement, the court may reduce or eliminate liability."

- Facts:
  - The crochet doll was sourced from 1688.com, a supplier platform, with no trademark or copyright notice. (See Exhibit C: product listing screenshots.)
  - Defendant delisted the product immediately after receiving notice and made multiple good-faith efforts to communicate with Plaintiff's counsel. This demonstrates no willful or knowing misconduct.

**Request for Waiver of Damages**
Given there were no sales, no traffic, and no consumer confusion, Defendant respectfully requests that the Court consider full waiver of monetary damages, including the possibility of determining that zero ($0) compensation is appropriate.

---

### III. Balance of Equities Favors Denial of Injunction

**Economic hardship to Defendant**
Plaintiff has frozen approximately $5,000 in Defendant's working capital, resulting in inability to pay rent and essential business expenses.

**Plaintiff's settlement demand is disproportionate**
Plaintiff has proposed an $8,500 lump-sum settlement, which is grossly disproportionate to actual damages ($0).
This financial pressure could devastate Defendant's small business and personal livelihood.

**Legal Precedent**
Courts must consider the balance of hardships when evaluating injunctive relief. (Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)).
Here, Defendant faces substantial and immediate harm, while Plaintiff cannot demonstrate meaningful injury from a product that was never sold or viewed.

---

### IV. Public Interest Weighs Against Over-Enforcement

**Preserving judicial access for micro-enterprises**
Overextension of trademark enforcement threatens small cross-border businesses and discourages lawful participation in global commerce.

**Avoiding misuse of IP rights**
Trademark protection is meant to prevent consumer confusion—not to penalize unintentional, non-commercial product tests. The public interest does not support such aggressive legal action.

**V. Relief Requested**

In light of the foregoing, Defendant respectfully requests that the Court:

**Deny Plaintiff's motion for preliminary injunction;**

**Lift the freeze on Defendant's accounts and assets;**

**Permit Defendant to respond in writing without mandatory telephonic appearance;**

**Pursuant to Lanham Act § 35, waive all monetary damages, including the possibility of $0 compensation;**

**Order Plaintiff to bear the costs of this proceeding;**

**Grant such further relief as the Court deems just and proper.**

**Defendant respectfully asks the Court to exercise its equitable discretion and render a fair and proportionate decision.**

---

**List of Exhibits**

**Exhibit A: Proof of product removal (Platform Fund Freeze Record)**

June 9: Received the first TRO notice email; the product listing was removed by the platform, and all USD funds in the platform account were frozen.

| | | | | | |
|---|---|---|---|---|---|
| 美国银行禁令 | USD 4,910.99 | USD 4,910.99 | 2025-06-09 10:40:22 | T_238e0c9b423a51ecd263f6fbc05641c8zeroers_2219081361810 | 查看冻结详情 |

## Exhibit B: Complete email correspondence with Plaintiff's counsel, showing apology and compliance



June 9: Sent the first email to Plaintiff's counsel on the same day after receiving the notice.



June 10: Sent the second email to Plaintiff's counsel.

June 12: Sent the thrid email to Plaintiff's counsel.



June 12: Received the first reply from Plaintiff's counsel.



June 18: Sent the fourth email to Plaintiff's counsel.



June 26: Sent the fifth email to Plaintiff's counsel.



June 26: Received the second reply from Plaintiff's counsel.



June 28: Received the "Notice of Lawsuit and Order to Show Cause" from Plaintiff's counsel.

July 4: Sent the sixth email to Plaintiff's counsel.

July 7: Sent the seventh email to Plaintiff's counsel.



July 7: Received the fourth reply from Plaintiff's counsel.


**Exhibit C: 1688 product listing screenshots (with no trademark or copyright notices)**



---


**Defendant (Pro Se)**
**/s/ [Serena]**
**Sole Proprietor of Shanghai Yongjiu Textile Technology Co., Ltd.**

**Phone: +86 15051269756**

**Email: serenagtq@gmail.com**

**Dated: July 8th, 2025**